**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_District of Delaware_
(State)

Case number (*if known*): _____ _Chapter 11_

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Energy Alloys Holdings, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **80-0764144** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **9450 West Wingfoot Road** <br> Number    Street | **9450 Pinecroft Drive** <br> Number    Street |
| | **P.O. Box 8819** <br> P.O. Box |
| **Houston**        **TX**        **77041** <br> City        State        Zip Code | **The Woodlands,**        **TX**        **77380** <br> City        State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris** <br> County | <br> Number    Street |
| | <br> City        State        Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | **https://www.ealloys.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  *See* http://www.uscourts.gov/four-digit-national-association-naics-codes

_____3311_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

                  District _____  When _____  Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor *See* Schedule 1 _____  Relationship  Affiliate

                  District  Delaware _____  When  Date hereof _____
                                                              MM / DD / YYYY

                  Case number, if known _____

Debtor **Energy Alloys Holdings, LLC**
_____
Name

Case number *(if known)* _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
| --- | --- |

_____

| City | State | ZIP Code |
| --- | --- | --- |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

██ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

*Consolidated for all Debtors

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

*Consolidated for all Debtors

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | **_Energy Alloys Holdings, LLC_** | Case number (*if known*) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

*Consolidated for all Debtors

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/09/2020
            MM / DD / YYYY

✗  /s/ Bryan Gaston
Signature of authorized representative of debtor

Bryan Gaston
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗  /s/ Daniel J. DeFranceschi                    Date  09/09/2020
Signature of attorney for debtor                        MM / DD / YYYY

Daniel J. DeFranceschi
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number    Street

Wilmington                          Delaware            19801
City                                State              ZIP Code

 (302) 651-7700                     defranceschi@rlf.com
Contact phone                       Email address

 2732                               Delaware
Bar number                          State

---

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor Energy Alloys Holdings, LLC.

1.    Energy Alloys Holdings, LLC
2.    Energy Alloys, L.L.C.
3.    Energy Alloys Louisiana, LLC
4.    Energy Alloys Canada Holding, L.L.C.
5.    Energy Alloys Services, L.L.C.
6.    Energy Alloys Cayman Holding, L.L.C.
7.    Energy Alloys Mexico Holding Co. - Majority, LLC
8.    Energy Alloys Mexico Holding Co. - Minority, LLC

## ENERGY ALLOYS HOLDINGS, LLC

### OFFICER'S CERTIFICATE

September 8, 2020

The undersigned, being the Chief Restructuring Officer and acting Secretary of Energy Alloys Holdings, LLC (the "***Company***"), does hereby certify that: (i) the minutes attached hereto as Exhibit A (the "***Minutes***") accurately reflect the proceedings that occurred during the September 8, 2020 meeting of the Board of Managers of the Company (the "***Board***"), (ii) the resolutions described in the Minutes were duly adopted by the Board in accordance with such description, and (iii) the Board has authorized, ratified, adopted, confirmed and approved the Minutes in all respects and has authorized, directed and empowered, in the name and on behalf of the Company, the undersigned to file such Minutes with the books and records of the Company and certify such Minutes as and if required.

Bryan Gaston
*Chief Restructuring Officer and*
*Acting Secretary*

**Exhibit A**

## RESOLUTIONS OF THE BOARD OF MANAGERS
## OF ENERGY ALLOYS HOLDINGS, LLC

### September 8, 2020

The Board of Managers (the "*Board*") of Energy Alloys Holdings, LLC, a Delaware limited liability company (the "*Company*"), pursuant to the Delaware Limited Liability Company Act and the Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of August 9, 2016 (as amended, amended and restated or otherwise modified from time to time, the "*Operating Agreement*"), DOES HEREBY CONSENT to the adoption of, and DOES HEREBY ADOPT, the following resolutions and the taking of the actions contemplated thereby as of the date first written above:

WHEREAS, pursuant to those resolutions, adopted by the Board on August 13, 2020, the Board has delegated to a special committee of the Board (the "*Special Committee*") the exclusive power and authority of the Board to explore strategic alternatives available to the Company, including, without limitation, changes in the capital structure of the Company, a possible financing, refinancing, stock or asset sale, merger, acquisition or other business combination, recapitalization, restructuring, plan of reorganization or other reorganization (including, without limitation, pursuant to chapter 11 of the Bankruptcy Code) or similar transaction involving the Company and/or its subsidiaries (any such transaction, a "*Possible Transaction*");

WHEREAS, after careful consideration of all facts and circumstances relating to a Possible Transaction, the Special Committee has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties, and has recommended to the Board, that a petition commencing a chapter 11 case (the "*Chapter 11 Case*") be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") and that the Company undertake related actions;

WHEREAS, in the judgment of the Board, after consultation with management and the Company's financial, legal, and other advisors, including numerous, extensive and vigorous discussions regarding the liabilities and liquidity situation of the Company, the short-term and long-term prospects of the Company, the restructuring and strategic alternatives available to the Company and the impact of the foregoing on the Company's business and operations, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition commencing the Chapter 11 Case be filed by the Company seeking relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and that the Company undertake related actions;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A.

("**RL&F**"), as attorneys for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Ankura Consulting Group, LLC ("**Ankura**"), to provide the Company with certain restructuring and interim management services, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage Akin Gump Strauss Hauer & Feld LLP ("**Akin**"), as corporate counsel to the Company, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Moelis & Company ("**Moelis**"), as investment banker for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Corporate Restructuring, LLC ("**Epiq**"), as claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, as the Board may deem necessary, (a) borrow funds from, provide guaranties to and undertake related financing transactions, including the use of cash collateral (collectively, the "**Financing Transactions**"), with such lenders and other parties and on such terms, as reasonably necessary, for the continuing conduct of the business and affairs of the Company, including the successful prosecution of the Company's Chapter 11 Case; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary, in connection with such Financing Transactions; and

WHEREAS, the Board has recommended to the Class B Members constituting the Class B Majority (as defined in the Operating Agreement), and the Class B Members constituting the Class B Majority have approved, that a petition commencing the Chapter 11 Case be filed by the Company seeking relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

2

NOW THEREFORE BE IT RESOLVED, that the Company shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "***Petition***") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Bryan M. Gaston and each of the other officers of the Company or members of the Board (each individually, an "***Authorized Person***" and collectively, the "***Authorized Persons***") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to:  (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness, to enter into debtor-in-possession loan agreements and related documents, to obtain the right to use cash collateral or to enter into any agreements and documents related to the use of cash collateral) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company:  (a) RL&F, as attorneys for the Company; (b) Ankura, to provide the Company with certain restructuring and interim management services; (c) Akin, as corporate counsel for the Company; (d) Moelis, as investment banker for the Company; (e) Epiq, as claims and noticing agent and administrative advisor for the Company; and (f) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and, in connection therewith, each Authorized Person be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Petition, and cause to be filed an appropriate application for authority to retain the services of such professionals; and it be further

RESOLVED, that the Company shall be, and hereby is, authorized to: (a) enter into Financing Transactions and any documents related thereto, as may be deemed necessary or appropriate by such Authorized Person (such approval to be

conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, be, and each hereby is, authorized and empowered to cause the Company and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it be further

RESOLVED, that the Company, and each Authorized Person, on behalf of the Company on behalf of each of the entities listed on <u>Schedule 1</u> hereto (the "***Subsidiaries***") for which the Company is the direct or indirect parent thereof, shall be, and hereby is, authorized and directed to cause each of the Subsidiaries to file a voluntary petition commencing a chapter 11 case under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

4

## Schedule 1

### Subsidiaries

1. Energy Alloys, L.L.C.
2. Energy Alloys Louisiana, LLC
3. Energy Alloys Canada Holding, L.L.C.
4. Energy Alloys Services, L.L.C.,
5. Energy Alloys Cayman Holding, L.L.C.
6. Energy Alloys Mexico Holding Co. Majority, LLC
7. Energy Alloys Mexico Holding Co. Minority, LLC

**WRITTEN CONSENT OF**
**MEMBERS**
**OF**
**ENERGY ALLOYS HOLDINGS, LLC**

**September 8, 2020**

The undersigned, being Class B Members of Energy Alloys Holdings, LLC, a Delaware limited liability company (the "*Company*"), holding a majority of the Class B Units, pursuant to the Delaware Limited Liability Company Act and, *inter alia*, Sections 3.4(e) and 3.5 of the Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of August 9, 2016 (as amended, amended and restated or otherwise modified from time to time, the "*Operating Agreement*"), DO HEREBY CONSENT to the adoption of, and DO HEREBY ADOPT, the following resolutions and the taking of the actions contemplated thereby, which resolutions shall be deemed to be adopted as of the date first written above and shall have the same force and effect as if such resolutions were adopted at a duly convened meeting held for such purpose.  Capitalized terms used herein but not otherwise defined herein shall have the respective meanings ascribed to such terms as set forth in the Operating Agreement.

WHEREAS, pursuant to the Operating Agreement, including, *inter alia*, Section 3.5(a)(iii) of the Operating Agreement, the affirmative consent of a Class B Majority is required for the Company to effectuate any liquidation, dissolution, wind up or Bankruptcy Event (as defined in the Operating Agreement);

WHEREAS, after having considered the advice and recommendations of the Board of the Mangers of the Company (the "*Board*"), in the judgment of the Class B Members constituting the Class B Majority, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition commencing a chapter 11 case (the "*Chapter 11 Case*") be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") and that the Company undertake related actions; and

WHEREAS, in the judgment of the Class B Members constituting the Class B Majority, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, as the Board may deem necessary, (a) borrow funds from, provide guaranties to and undertake related financing transactions, including the use of cash collateral (collectively, the "*Financing Transactions*"), with such lenders and other parties and on such terms, as reasonably necessary, for the continuing conduct of the business and affairs of the Company, including the successful prosecution of the Company's Chapter 11 Case; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary, in connection with such Financing Transactions;

NOW THEREFORE BE IT RESOLVED, that the Class B Majority hereby affirmatively consents to the (a) filing of voluntary petition (the "*Petition*") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) performance of any and all such acts as are reasonable, advisable, expedient,

convenient, proper or necessary to effect the foregoing, in each case, by the Company; and it be further

RESOLVED, that the Class B Majority hereby affirmatively consents to such actions that Bryan M. Gaston and each of the other officers of the Company or members of the Board (each individually, an "*Authorized Person*" and collectively, the "*Authorized Persons*") may take on behalf of and in the name of the Company to: (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness, to enter into debtor-in-possession loan agreements and related documents, to obtain the right to use cash collateral or to enter into any agreements and documents related to the use of cash collateral) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Class B Member hereby affirmatively consents to: (a) the entrance into Financing Transactions and any documents related thereto, as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) the payment of related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions, in each case, by the Company, to the extent deemed necessary by the Board; and it be further

RESOLVED, that the Class B Member hereby affirmatively consents to the Company, and each Authorized Person, on behalf of the Company on behalf of each of the entities listed on Schedule 1 hereto (the "*Subsidiaries*") for which the Company is the direct or indirect parent thereof, causing each of the Subsidiaries to file a voluntary petition commencing a chapter 11 case under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it be further

RESOLVED, that the Class B Member hereby affirmatively consents to any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the

transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions.

This Written Consent may be executed in one or more counterparts.


*[Signature page follows]*

3

IN WITNESS WHEREOF, the undersigned, being the Class B Members constituting the Class B Majority, have consented to the actions set forth in this Written Consent as of the date first set forth above.

**CLASS B MEMBERS:**

**GSO CSOMF Energy Alloys, Inc.**

Name:  Marisa Beeney

Title:   Authorized Person

**Blackstone / GSO Capital Solutions Fund LP**
By:  Blackstone / GSO Capital Solutions Associates LLC, its General Partner

Name:  Marisa Beeney

Title:   Authorized Person

## Schedule 1

### Subsidiaries

1. Energy Alloys, L.L.C.
2. Energy Alloys Louisiana, LLC
3. Energy Alloys Canada Holding, L.L.C.
4. Energy Alloys Services, L.L.C.,
5. Energy Alloys Cayman Holding, L.L.C.
6. Energy Alloys Mexico Holding Co. Majority, LLC
7. Energy Alloys Mexico Holding Co. Minority, LLC

## ENERGY ALLOYS HOLDINGS, LLC

### CERTIFICATE OF THE SOLE MEMBER OF THE SPECIAL COMMITTEE

September 8, 2020

The undersigned, being the sole member of the Special Committee (the "*Special Committee*") of the Board of Managers (the "*Board*") of Energy Alloys Holdings, LLC (the "*Company*"), does hereby certify that: (i) the minutes attached hereto as Exhibit A (the "*Minutes*") accurately reflect the proceedings that occurred during the September 8, 2020 meeting of Special Committee, (ii) the resolutions described in the Minutes were duly adopted by the Special Committee in accordance with such description, and (iii) the Special Committee has authorized, ratified, adopted, confirmed and approved the Minutes in all respects and such minutes shall be filed by the undersigned with the books and records of the Special Committee.

Patrick Bartels
*Sole Member of the Special Committee*

**Exhibit A**

**RESOLUTIONS OF THE SPECIAL COMMITTEE**
**OF THE BOARD OF MANAGERS OF**
**ENERGY ALLOYS HOLDINGS, LLC**

**September 8, 2020**

The Special Committee ("**Special Committee**") of the Board of Managers (the "***Board***") of Energy Alloys Holdings, LLC, a Delaware limited liability company (the "***Company***"), pursuant to the Delaware Limited Liability Company Act and the Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of August 9, 2016 (as amended, amended and restated or otherwise modified from time to time, the "***Operating Agreement***"), DOES HEREBY CONSENT to the adoption of, and DOES HEREBY ADOPT, the following resolutions and the taking of the actions contemplated thereby as of the date first written above:

WHEREAS, pursuant to those resolutions, adopted by the Board on August 13, 2020, the Board has delegated to the Special Committee the exclusive power and authority of the Board to explore strategic alternatives available to the Company, including, without limitation, changes in the capital structure of the Company, a possible financing, refinancing, stock or asset sale, merger, acquisition or other business combination, recapitalization, restructuring, plan of reorganization or other reorganization (including, without limitation, pursuant to chapter 11 of the Bankruptcy Code) or similar transaction involving the Company and/or its subsidiaries (any such transaction, a "***Possible Transaction***");

WHEREAS, after careful consideration of all facts and circumstances relating to a Possible Transaction and consultation with management and the Company's financial, legal, and other advisors, including numerous, extensive and vigorous discussions regarding the liabilities and liquidity situation of the Company, the short-term and long-term prospects of the Company, the restructuring and strategic alternatives available to the Company and the impact of the foregoing on the Company's business and operations, the Special Committee has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties, and has recommended to the Board, that a petition commencing a chapter 11 case (the "***Chapter 11 Case***") be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") and that the Company undertake related actions;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A. ("***RL&F***"), as attorneys for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in

connection with the Chapter 11 Case, engage the firm of Ankura Consulting Group, LLC ("**Ankura**"), to provide the Company with certain restructuring and interim management services, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage Akin Gump Strauss Hauer & Feld LLP ("**Akin**"), as corporate counsel to the Company, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Moelis & Company ("**Moelis**"), as investment banker for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Corporate Restructuring, LLC ("**Epiq**"), as claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, as the Board may deem necessary, (a) borrow funds from, provide guaranties to and undertake related financing transactions, including the use of cash collateral (collectively, the "***Financing Transactions***"), with such lenders and other parties and on such terms, as reasonably necessary, for the continuing conduct of the business and affairs of the Company, including the successful prosecution of the Company's Chapter 11 Case; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary, in connection with such Financing Transactions;

WHEREAS, the Special Committee has recommended to the Board that the Board recommend to the Class B Members constituting the Class B Majority (as defined in the Operating Agreement) that a petition commencing the Chapter 11 Case be filed by the Company seeking relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

WHEREAS, on the advice, and at the direction, of the Special Committee, the Board has recommended to the Class B Members constituting the Class B Majority (as defined in the Operating Agreement), and the Class B Members constituting the Class B Majority have approved, that a petition commencing the

2

Chapter 11 Case be filed by the Company seeking relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

NOW THEREFORE BE IT RESOLVED, that the Company shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "***Petition***") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Bryan M. Gaston and each of the other officers of the Company or members of the Board (each individually, an "***Authorized Person***" and collectively, the "***Authorized Persons***") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to:  (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness, to enter into debtor-in-possession loan agreements and related documents, to obtain the right to use cash collateral or to enter into any agreements and documents related to the use of cash collateral) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company:  (a) RL&F, as attorneys for the Company; (b) Ankura, to provide the Company with certain restructuring and interim management services; (c) Akin, as corporate counsel for the Company; (d) Moelis, as investment banker for the Company; (e) Epiq, as claims and noticing agent and administrative advisor for the Company; and (f) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and, in connection therewith, each Authorized Person be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Petition, and cause to be filed an appropriate application for authority to retain the services of such professionals; and it be further

RESOLVED, that the Company shall be, and hereby is, authorized to: (a) enter into Financing Transactions and any documents related thereto, as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, be, and each hereby is, authorized and empowered to cause the Company and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it be further

RESOLVED, that the Company, and each Authorized Person, on behalf of the Company on behalf of each of the entities listed on Schedule 1 hereto (the "*Subsidiaries*") for which the Company is the direct or indirect parent thereof, shall be, and hereby is, authorized and directed to cause each of the Subsidiaries to file a voluntary petition commencing a chapter 11 case under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

## Schedule 1

### Subsidiaries

1. Energy Alloys, L.L.C.
2. Energy Alloys Louisiana, LLC
3. Energy Alloys Canada Holding, L.L.C.
4. Energy Alloys Services, L.L.C.,
5. Energy Alloys Cayman Holding, L.L.C.
6. Energy Alloys Mexico Holding Co. Majority, LLC
7. Energy Alloys Mexico Holding Co. Minority, LLC

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

Debtor name: __Energy Alloys Holdings, LLC__

United States Bankruptcy Court for the: District of __Delaware__
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

*Consolidated List for all Debtors

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SEAH STEEL AMERICA 20445 STATE HIGHWAY 249 SUITE 490 HOUSTON, TX 77070 | CONTACT: ALEXANDER G SUTTON III, CO PHONE: 1-949-655-8000 ANDY@SEAHUSA.COM; DHAN@SEAH.GLOBAL; JHLEE@SEAHUSA.COM; GENELEE@SEAHUSA.COM; JLEE@SEAHUSA.COM; CJEON@JEONPARKLAW.COM (COUNSEL) | TRADE VENDOR, AP | C, U, D | | | $2,642,603.21 |
| 2 | 3 WATERWAY HOLDINGS LLC TWO HUGHES LANDING 1790 HUGHES LANDING BLVD., SUITE 650 THE WOODLANDS, TX 77380 | CONTACT: JASON KANG PHONE: 1-832-442-2200 ROBIN.PARKER@HOWARDHUGHES.COM; LAURA.MANNING@HOWARDHUGHES.COM; JIM.CARMAN@HOWARDHUGHES.COM | LANDLORD, REAL ESTATE LEASE | C, U, D | | | $691,763.00 |
| 3 | ALVAREZ & MARSAL 600 MADISON AVENUE 8TH FLOOR NEW YORK, NY 10022 | CONTACT: STEVEN LINDSEY PHONE: 1-212-759-4433 CHALL@ALVAREZANDMARSAL.COM | TRADE VENDOR, AP | | | | $538,343.00 |
| 4 | LIBERTY SPECIALITY STEEL 7 FOX VALLEY WAY, STOCKSBRIDGE SHEFFIELD S36 2JA UNITED KINGDOM | CONTACT: SANJEEV GUPTA PHONE: +44 333 015 3100 CAHEL.FERGUSON@SPECIALITYUK.COM; CRAIG.CHAPPELL@KEEBLES.COM (COUNSEL) | TRADE VENDOR, AP | | | | $522,725.86 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | FORTIS ALLIANCE 1155 DAIRY ASHFORD SUITE 208 HOUSTON, TX 77079 | CONTACT: YUKI MATSUNAGA PHONE: 1-281-617-3888 MUSTAFA@FORTISALLIANCE.COM; YUKI@FORTISALLIANCE.COM | TRADE VENDOR, AP | | | | $271,607.98 |
| 6 | TMK ARTROM, S.A. 10713 W SAM HOUSTON PKWY N SUITE 380 HOUSTON, TX 77064 | CONTACT: ADRIAN POPESCU PHONE: 1-346-206-3790 MIKE.CHRISTOPHER@TMKIS.COM; ADRIAN.POPESCU@TMKARTROM.EU; LEON.WILLIAMS@TMKIS.COM; FLORIN.FILEA@TMK-IS.COM | TRADE VENDOR, AP | | | | $233,802.63 |
| 7 | TREK METALS INC. 5221 N. O'CONNOR BLVD. SUITE 750 IRVING, TX 75039 | CONTACT: HUGO SCALA PHONE: 1-972-331-9570 MATT@TREK-METALS.COM; DERRICK@TREKMETALS.COM | TRADE VENDOR, AP | | | | $157,400.22 |
| 8 | FRISA METALS LLC 8350 ASHLANE WAY, SUITE 202 THE WOODLANDS, TX 77382 | CONTACT: BOYD ADAMS PHONE: 1-832-246-8801 AALVAREZ@FRISA.COM; MGUEVARA@FRISA.COM; PCHAPMAN@PCHAPMANLAW.COM (COUNSEL) | TRADE VENDOR, AP | | | | $129,766.49 |
| 9 | PENTAGON FREIGHT SERVICES, INC 1211 E RICHEY RD HOUSTON, TX 77073 | CONTACT: LES WATSON PHONE: 1-281-209-8800 LES.WATSON@PENTAGONFREIGHT.COM; ASHLEY.TAYLOR@PENTAGONFREIGHT.COM | TRADE VENDOR, AP | | | | $122,802.65 |
| 10 | HDH INSTRUMENTS CORP 3166 HWY. 359 PATTISON, TX 77466 | CONTACT: GREG HOVAS PHONE: 1-281-375-6835 GHOVAS@HDHINST.COM; MCKITZMAN@HDHINST.COM | TRADE VENDOR, AP | | | | $116,552.56 |
| 11 | TRIPLE-S TUBE SUPPLY, LP 6000 JENSEN DRIVE HOUSTON, TX 77026 | CONTACT: GARY W. STEIN PHONE: 1-713-354-4126 GARY.W.STEIN@SSSSTEEL.COM; MSTOCKSTILL@WINSTON.COM (COUNSEL) | CONTRACT COUNTERPARTY | | $536,166.00 | $423,450.00 | $112,716.00 |
| 12 | SCHMOLZ & BICKENBACH INTERNATIONAL 365 VILLAGE DRIVE CAROL STREAM, IL 60188 | CONTACT: CLEMENS ILLER PHONE: 1-630-682-3900 ALLIE.WELLS@SCHMOLZBICKENBACH.US | TRADE VENDOR, AP | | | | $87,617.00 |
| 13 | MARUBENI-ITOCHU TUBULARS AMERICA INC. 750 TOWN & COUNTRY BLVD., SUITE 300 HOUSTON, TX 77024 | CONTACT: YUKIO YAMADA PHONE: 1-281-368-7000 DALEALBERT@MITUBE.COM; KOJIMATO@BENICHU.COM; SOHAMNAIK@MITUBE.COM; MISHITANI@MITUBE.COM; KEN-SAKAI@MITUBE.COM | TRADE VENDOR, AP | | | | $87,573.97 |
| 14 | A DEPENDABLE LOGISTICS, INC. 22307 GOSLING ROAD SPRING, TX 77389 | CONTACT: RICHARD MADUBUNYI PHONE: 1-281-350-5505 INFO@ADDSHOUSTON.COM | TRADE VENDOR, AP | C, U, D | | | $76,607.50 |
| 15 | SPECIALTY PIPE & TUBE P.O. BOX 890800 CHARLOTTE, NC 28289-0800 | CONTACT: DEBBIE PARISH PHONE: 1-330-505-8262 RLENHART@SPECIALTYPIPE.COM | TRADE VENDOR, AP | | | | $75,301.65 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | TRANSPORTATION INSIGHT 310 MAIN AVENUE WAY SE HICKORY, NC 28602 | CONTACT: RENNIE FAULKNER PHONE: 1-828-485-5000 BA@T-INSIGHT.COM | TRADE VENDOR, AP | | | | $74,928.97 |
| 17 | SPECIALTY HEAT TREAT INC 11307 W. LITTLE YORK HOUSTON, TX 77041 | CONTACT: MATT MOORE PHONE: 1-713-937-3101 SALES@SPECIALTYHEATTREAT.COM | TRADE VENDOR, AP | | | | $73,207.70 |
| 18 | VALLOUREC USA CORP. 1050 E RICHEY RD HOUSTON, TX 77073 | CONTACT: STUART COLE PHONE: 1-713-479-3200 HECTOR.AREVALO@VALLOUREC.COM; ANELLINA.CARBONE@EXT.VALLOUREC.COM | TRADE VENDOR, AP | | | | $66,224.00 |
| 19 | ORACLE USA, INC. 500 ORACLE PKWY REDWOOD CITY, CA 94065 | CONTACT: SAFRA A. CATZ PHONE: 1-888-803-7414 COLLECTIONS_US@ORACLE.COM | TRADE VENDOR, AP | | | | $60,250.00 |
| 20 | PTSOLUTIONS 8655 EAST EIGHT MILE ROAD WARREN, MI 48089 | CONTACT: JESSICA PETERS PHONE: 1-989-413-8169 SALES@PTS-TOOLS.COM | TRADE VENDOR, AP | | | | $34,546.67 |
| 21 | LONE STAR HEAT TREATING CORP 3939 BLAFFER STREET HOUSTON, TX 77026 | CONTACT: SCOTT SIMMONS PHONE: 1-713-672-6616 LSHTINFO@LSHT.COM | TRADE VENDOR, AP | | | | $33,717.96 |
| 22 | MAGELLAN CORPORATION 3250 SOLUTIONS CENTER CHICAGO, IL 60677 | CONTACT: KEITH WEISS PHONE: 1-847-205-1155 INFO@E-MAGELLAN.COM | TRADE VENDOR, AP | | | | $33,164.45 |
| 23 | EATON STEEL CORPORATION 10221 CAPITAL STREET OAK PARK, MI 48237 | CONTACT: MARK CANDY PHONE: 1-248-398-3434 ESBAR@EATONSTEEL.COM | TRADE VENDOR, AP | | | | $33,080.00 |
| 24 | DSV ROAD, INC. 3525 EXCEL DRIVE MEDFORD, OR 97504 | CONTACT: CHIEF FINANCIAL OFFICER CHAD ATKINSON PHONE: 1-541-773-3993 INFO@CC.US.DSV.COM | TRADE VENDOR, AP | | | | $28,500.00 |
| 25 | ESP SPECIALTY STEEL PRODUCTS 7404 RAILHEAD LANE HOUSTON, TX 77086 | CONTACT: DAVID LANDIS PHONE: 1-281-760-0400 MARKETING@ESPSTEEL.COM | TRADE VENDOR, AP | C, U, D | | | $24,273.28 |
| 26 | SIGMA TUBE & BAR 363 N SAM HOUSTON PKWY E SUITE 770 HOUSTON, TX 77060 | CONTACT: CHRISTOPHER FRIEND PHONE: 1-281-369-5525 SALES@SIGMATB.COM | TRADE VENDOR, AP | | | | $23,965.59 |
| 27 | GROVES INDUSTRIAL SUPPLY 4814 SOLUTION CENTER CHICAGO, IL 60677 | CONTACT: DAVID WHITLEY PHONE: 1-713-675-4747 FAX: 1-713-675-6924 DWHITLEY@GROVESINDUSTRIAL.COM | TRADE VENDOR, AP | | | | $22,963.87 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | BGH EDELSTAHLWERKE GMBH AM STAHLWERK 1 FREITAL 01705 GERMANY | CONTACT: FRANK HIPPENSTIEL PHONE: 49-3516460 ANDREAS.SCHARF@BGH.DE | TRADE VENDOR, AP | | | | $20,182.64 |
| 29 | TDC INTEGRATED SERVICES 210, 8507 112 ST NW EDMONTON, AB T6G 2L7 CANADA | CONTACT: LASSE PILGAARD PHONE: 1-780-463-8923 OPERATIONS@TDCSI.COM | TRADE VENDOR, AP | | | | $19,462.19 |
| 30 | SCOT FORGE COMPANY 105 SCOT DR CLINTON, WI 53525 | CONTACT: JOHN CAIN PHONE: 1-815-675-1000 SALES@SCOTFORGE.COM | TRADE VENDOR, AP | | | | $19,344.00 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name:</td><td>Energy Alloys Holdings, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court  for the:  District of <u>Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>): _____</td></tr>
</table>

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐  Schedule H: Codebtors (Official Form 206H)
- ☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐  Amended Schedule _____
- ☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>09/09/2020</u>
MM / DD / YYYY

✗  <u>/s/ Bryan Gaston</u>
Signature of individual signing on behalf of debtor

<u>Bryan Gaston</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Alloys Holdings, LLC, *et al.*,[1] | ) | Case No. 20-[●] ([●]) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

## CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Energy Alloys Holdings, LLC ("**Energy Alloys**") and its affiliated debtors and debtors in possession (the "**Debtors**") respectfully represent as follows:

- Non-debtor Blackstone/GSO Capital Solutions Fund L.P. owns 74.05% of the equity interests in Energy Alloys.  Non-debtor GSO CSOMF Energy Alloys, Inc. owns 25.27% of the equity interests in Energy Alloys.

- Energy Alloys owns 100% of the equity interests in Energy Alloys, L.L.C.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Louisiana, LLC.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Canada Holding, L.L.C.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Services, L.L.C.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Cayman Holding, L.L.C.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Energy Alloys Holdings, LLC (4144); Energy Alloys, L.L.C. (9944); Energy Alloys Louisiana, LLC (0623); Energy Alloys Canada Holding, L.L.C. (0382); Energy Alloys Services, L.L.C. (4284); Energy Alloys Cayman Holding, L.L.C. (3484); Energy Alloys Mexico Holding Co. - Majority, LLC (9165); Energy Alloys Mexico Holding Co. - Minority, LLC (N/A).  The mailing address for the Debtors is 9450 Pinecroft Drive, P.O. Box 8819, The Woodlands, TX 77380.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Mexico Holding Co. - Majority, LLC.

- Energy Alloys, L.L.C. owns 100% of the equity interests in Energy Alloys Mexico Holding Co. - Minority, LLC.

**Fill in this information to identify the case:**

Debtor name: __Energy Alloys Holdings, LLC__

United States Bankruptcy Court  for the:  District of __Delaware__
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☐  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑  Other document that requires a declaration **Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/09/2020__
        MM / DD / YYYY

X   _/s/ Bryan Gaston_____
Signature of individual signing on behalf of debtor

Bryan Gaston_____
Printed name

Chief Restructuring Officer_____
Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____
                                        )
In re:                                  )        Chapter 11
                                        )
Energy Alloys Holdings, LLC,            )        Case No. 20-[●] ([●])
                                        )
            Debtor.                     )        (Joint Administration Requested)
                                        )
_____ )

### LIST OF EQUITY HOLDERS[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following

identifies all holders having a direct ownership interest in the above-captioned debtor and debtor

in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Blackstone/GSO Capital Solutions Fund L.P. c/o GSO Capital Partners LP 345 Park Avenue, Floor 31 New York, NY 10154 Attn: D. Dwight Scott; Eric Nadan | Limited Liability Company Interest | 74.05% (57,704.05 Class B Units) |
| GSO CSOMF Energy Alloys, Inc. c/o GSO Capital Partners LP 345 Park Avenue, Floor 31 New York, NY 10154 Attn: D. Dwight Scott; Eric Nadan | Limited Liability Company Interest | 25.27% (19,690.79 Class B Units) |
| Thomas Slaughter 13107 Mission Valley Houston, Texas 77069 | Limited Liability Company Interest | 0.10% (75 Class E Units) |
| Gregg Taylor 912 Cumberland Trail Mansfield, TX 76063 | Limited Liability Company Interest | 0.06% (50 Class E Units) |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

| | | |
|---|---|---|
| Kevin Burnett<br>102 Player Oaks Place<br>Woodlands, TX 77382 | Limited Liability<br>Company Interest | 0.07%<br>(51 Class E Units) |
| Class E Units Reserved for Issuance | Limited Liability<br>Company Interest | 0.45%<br>(350 Class E Units) |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:   <u>Energy Alloys Holdings, LLC</u>

United States Bankruptcy Court  for the:  District of <u>Delaware</u>

                                         (State)

Case number (*If known*):   _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration **List of Equity Holders** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>09/09/2020</u>
     MM / DD / YYYY

**✗** _/s/ Bryan Gaston_ _____
Signature of individual signing on behalf of debtor

Bryan Gaston _____
Printed name

Chief Restructuring Officer _____
Position or relationship to debtor